```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


BRIAN LEWIS, ET AL

VERSUS                                      CIVIL ACTION

BOBBY JINDAL, ET AL                         NUMBER 09-405-JVP-SCR
```

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 31, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS, ET AL

VERSUS                                              CIVIL ACTION

BOBBY JINDAL, ET AL                                 NUMBER 09-405-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiffs Brian Lewis and Diana Lewis filed this action against Gov. Bobby Jindal, Baton Rouge Mayor Melvin "Kip" Holden and the Office of the Parish Attorney.  Plaintiffs alleged that Diana Lewis filed a civil rights suit, presumably in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, docket number 549,358.  Plaintiffs alleged that the presiding judge and the defendants in the state court action lied under oath and should be criminally prosecuted for perjury.  Plaintiffs alleged that Judge Wilson Fields entered an illegal judgment in the matter.  Plaintiffs alleged that the named defendants are responsible for ensuring that the judge and defendants in the state court action are prosecuted for their "lies, lies, lies."

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  28 U.S.C. § 1915(d); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827,

1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiffs named Gov. Jindal, Mayor Holden and the Office of the Parish Attorney but failed to allege any facts against them which rise the level of a constitutional violation.

Second, the plaintiffs requested that criminal charges be filed against the judge and defendants in the state court action.

Plaintiffs do not have a constitutional right to commence criminal proceedings on their own. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146 (1973). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198 (1979). A private citizen has no right to present a criminal complaint directly to a federal magistrate judge. A private citizen who wants criminal charges to be brought in the Middle District of Louisiana must submit the complaint to

the United States Attorney for review, since it is the United States Attorney who is responsible for prosecuting the complaint.[1] *See, United States v. Panza*, 381 F.Supp. 1133 (W.D.Pa. 1974); *Conn. Action Now, Inc. v. Roberts Plating Co., Inc.*, 457 F.2d 81, 86 (2d Cir. 1972); *United States v. Bryson*, 434 F.Supp. 986, 988 (W.D.Okla. 1977).

Therefore, the complaint should be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' complaint be dismissed with prejudice as frivolous.

Baton Rouge, Louisiana, July 31, 2009.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the incident described by the plaintiffs arose in this district, the likelihood that the United States Attorney for the Middle of Louisiana would file a criminal charge based on the plaintiffs' allegations is remote.